United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HERNANDO CAAMPUED; and CECILIA CAAMPUED,

Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for Harborview Mortgage Loan Trust 2006-8; MERIDIAN FORECLOSURE SERVICE; and MORTGAGE ELECTRONICS REGISTRATION SYSTEMS, INC., also known as MERS,

Defendants.

________________________________/

No. C 12-1223 CW

ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE, DISMISSING CASE FOR FAILURE TO PROSECUTE AND EXPUNGING _LIS PENDENS_

Plaintiffs Cecilia and Hernando Caampued move to consolidate the instant case with another previously pending in federal court. Defendants Deutsche Bank National Trust Company and Mortgage Electronic Registration Systems, Inc. (MERS) oppose Plaintiffs' motion and move to dismiss this case and to expunge the _lis pendens_. Defendant Meridian Foreclosure Service separately moves to dismiss this action. Plaintiffs have not opposed any of Defendants' motions. The Court takes the parties' motions under submission on the papers, and having considered their papers, the Court DENIES Plaintiffs' motion to consolidate, DISMISSES the case for failure to prosecute and ORDERS the _lis pendens_ expunged.

Plaintiffs, who are represented by counsel, initiated the instant case on March 12, 2012, seeking to void Defendants' power of sale and asserting various claims against Defendants.

The following day, on March 13, 2012, Plaintiffs removed from state court a separate action pending against them, Deutsche Bank Nat. Trust Co. v. Caampued, and it was assigned Case No. 12-1244 CRB. That case, for unlawful detainer, was brought by Deutsche Bank National Trust Company, which is also one of the Defendants in this case.

On March 17, 2012, Plaintiffs filed a motion to consolidate the two cases pursuant to Federal Rule of Civil Procedure 42. Docket No. 5. Subsequently, on March 27, 2012, a judge of this court found that there was no basis for federal jurisdiction in the unlawful detainer action and granted Deutsche Bank's motion to remand it to state court. Deutsche Bank Nat. Trust Co. v. Caampued, 2012 WL 1036894 (N.D. Cal.). Federal Rule of Civil Procedure 42 allows the Court to consolidate "actions before the court" if they "involve a common question of law or fact." Generally, Rule 42 only applies to cases that are properly before the same court. Or. Egg Producers v. Andrew, 458 F.2d 382, 383 (9th Cir. 1972). Because there is no case properly pending before this Court with which this case can be consolidated, Plaintiffs' motion to consolidate is DENIED.

On April 12, 2012, Defendants Deutsche Bank and MERS filed motions to dismiss the case in its entirety and to expunge the lis pendens. Docket Nos. 12 and 15.

On April 13, 2012, this case was re-assigned to the undersigned. In the order reassigning the case, the hearings on the three pending motions were vacated and counsel was directed to re-notice the hearings. On April 17, 2012, a clerk's notice was

also issued, noting that the previous briefing schedules for the motions remained in effect.

On April 18, 2012, Defendant Meridian Foreclosure Service filed a new motion to dismiss Plaintiffs' complaint in its entirety or for a more definite statement. Docket No. 24. Pursuant to Local Rule 7-3, Plaintiffs' opposition to this motion was due by May 2, 2012.

Subsequently, on April 20, 2012, Defendants Deutsche Bank and MERS re-filed their pending motions as new motions.

On April 23, 2012, the Court terminated Defendants Deutsche Bank and MERS's duplicative motions. At that time, the Court reiterated that the previous briefing schedules remained in effect for those motions, and specifically noted that Plaintiffs' oppositions to those motions were due by April 26, 2012.

As of the date of this Order, Plaintiffs have failed to oppose any of Defendants' motions, although they were provided several reminders of the deadlines by which they were required to do so. Accordingly, the Court DISMISSES the case for failure to prosecute and EXPUNGES the lis pendens.

This Order terminates Docket Nos. 5, 12, 15 and 24.

IT IS SO ORDERED.

Dated: 5/10/2012

CLAUDIA WILKEN
United States District Judge